**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 9, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EFRAIN MENDOZA BARBOSA, also
known as Juan Jose Alverez,

Defendant-Appellant.

No. 06-6267
(D.C. No. 05-CR-191-001-T)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **MURPHY**, and **LUCERO**, Circuit Judges.

---

Defendant Efrain Mendoza Barbosa pled guilty to one count of interstate or

foreign travel or transportation in aid of racketeering enterprises, in violation of

18 U.S.C. § 1952(a)(3), and one count of unlawful entry by a removed alien, in

violation of 18 U.S.C. § 1326(a). Pursuant to the plea agreement, Mr. Barbosa

waived his right to "[a]ppeal or collaterally challenge his guilty plea and any

---

[*]     This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

other aspect of his conviction, . . . [and to] [a]ppeal, collaterally challenge, or move to modify . . . his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline range determined by the Court to apply to this case." Mot. to Enforce, Ex. 2, at 5. He was sentenced to 215 months' imprisonment, which was within the applicable advisory guideline range for the offenses of 210 to 262 months.

Mr. Barbosa filed a notice of appeal challenging his sentence. The government has filed a motion to enforce the appeal waiver in its plea agreement with Mr. Barbosa. In response, Mr. Barbosa's attorney filed an *Anders* brief stating her belief that there are no meritorious grounds upon which Mr. Barbosa can appeal his sentence or urge denial of the government's motion to enforce the appeal waiver, and she requested permission to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 744 (1967) (authorizing counsel to request permission to withdraw where counsel conscientiously examines a case and determines that an appeal would be wholly frivolous). This court gave Mr. Barbosa an opportunity to file a pro se response to the motion to enforce, *see id.*, and granted him an extension of time to file his response to the motion. To date, Mr. Barbosa has not filed a response to the motion to enforce.

Under *Anders*, we have conducted an independent review and examination of the motion to enforce. *See id.* This court will enforce a criminal defendant's

waiver of his right to appeal so long as the following three elements are satisfied: (1) "the disputed appeal falls within the scope of the waiver of appellate rights," (2) the defendant's waiver of his appellate rights was knowing and voluntary, and (3) enforcing the waiver will not result in a miscarriage of justice. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam). We have reviewed the plea agreement, the transcripts of the plea and sentencing hearings, and the response from Mr. Barbosa's counsel, and we conclude that the *Hahn* factors have been satisfied.

Accordingly, we GRANT the government's motion to enforce the appeal waiver in the plea agreement, GRANT counsel's motion to withdraw, and DISMISS the appeal. The mandate shall issue forthwith.

Entered for the Court
PER CURIAM
